Patricia F. Cyr, ESQ. SBN: 215420
pcyr@strunkloos.com
STRUNK | LOOS, APC
1301 Dove Street, Suite 280
Newport Beach, CA 92660
Telephone (949) 289-9089
Facsimile (949) 289-9089

Stephen J. Cullen, *Pro hac vice pending*
scullen@milesstockbridge.com
Kelly A. Powers, *Pro hac vice pending*
kpowers@milesstockbridge
Miles & Stockbridge P.C.
1201 Pennsylvania Ave., N.W., Ste. 900
Washington, D.C. 20004
Telephone (202) 465-8374
Facsimile (410) 385-3709

Attorneys for Respondent,
MARISA BOWLEY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
### (Southern Division)

| | |
|---|---|
| DOUGLAS RAYMOND AGGIO KEEN ) | Case No. 8:23-cv-02333 |
| Petitioner, ) | |
| ) | **NOTICE OF REMOVAL** |
| v. ) | |
| ) | |
| MARISSA WHITNEY BOWLEY ) | |
| ) | |
| Respondent. ) | |

Respondent, Marissa Whitney Bowley, by her undersigned counsel, gives notice to this Court pursuant to 28 U.S.C. § 1441 *et seq*. that she is removing the above captioned case from the Superior Court of the State of California in and for the County of Orange. In support of her action to remove, the Respondent states as follows:

## I.   INTRODUCTION

1. On November 16, 2023, Petitioner, Douglas Raymond Aggio Keen (the "Father"), through the District Attorney of the County of Orange, filed an action against the Respondent, Marissa Whitney Bowley (the "Mother") in the Superior Court of the State of California in and for the County of Orange (the "State Court"). The action is titled *The District Attorney of the County of Orange, ex rel. Douglas Raymond Aggio Keen v. Marissa Whitney Bowley*, Case No. 23-FL-001081 (the "State Court Hague Case").[1]

2. The State Court Hague Case is an international treaty action filed under the 1980 Hague Convention on the Civil Aspects of International Child Abduction (the "Treaty"), and the federal International Child Abduction Remedies Act ("ICARA"). T.I.A.S. No. 11,670 at 1, 22514 U.N.T.S. at 98, *reprinted in* 51 Fed. Reg. 10493 (1986); and 22 U.S.C. § 9001 *et seq*. (ICARA).

---

[1] In California, if a petitioner pursues a Hague Convention case in state court, it is brought on the petitioner's behalf by the District Attorney.

3. On the same day the action was filed, the Deputy District Attorney handling the case sent the Mother's local domestic violence counsel (*see* § II *infra*) an email attaching a copy of the Petition seeking the return of the child to England (the "Petition for Return"), and a Temporary Emergency Ex Parte Order that had been issued that same day in the State Court Hague Case. The Mother has never been served with a summons, the Petition for Return, or any other pleadings, papers or orders in the State Court Hague Case. The Deputy District Attorney then sent copies of the exhibits referenced in the Petition for Return to the Mother's local domestic violence counsel on December 1, 2023 in four separate emails. A copy of the Deputy District Attorney's email to the Mother's local domestic violence counsel, and the attachments thereto, are attached hereto collectively as **Exhibit A**. Copies of the Deputy District Attorney's four additional emails to the Mother's local domestic violence counsel attaching the exhibits to the Petition for Return, and the attachments thereto, are attached hereto as **Exhibits B-E**.

4. The only claim asserted by the Father in his Petition for Return is "wrongful removal or retention" under the Treaty and ICARA. *See* **Exhibit A**.

5. This Court has original jurisdiction based on the existence of a federal question. *See* 28 U.S.C. § 1331 (granting federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of

the United States"); *see also City of Oakland v. BP PLC,* 969 F.3d 895, 903 (9th Cir. 2020) (". . . a civil action arises under federal law for purposes of § 1331 jurisdiction when a federal question appears on the face of the complaint."). This action arises under the Treaty and the Treaty's federal implementing legislation ICARA. *See* **Exhibit A**. The action only involves the federal question; there are no other claims. *Id*. The federal question appears on the face of the Father's Petition for Return. *Id.* The action is therefore removeable. *See* 28 U.S.C. §§ 1331, 1441(a).

6.  This Notice of Removal is filed within thirty (30) days after the Deputy District Attorney emailed the Mother's local domestic violence counsel a copy of the Petition for Return and related papers, even though proper service on the Mother has never been made. *See* 28 U.S.C. § 1446(a), (b).

7.  Promptly after the filing of this Notice of Removal, the Mother will file a Notice of Filing of Notice of Removal with the State Court. *See* 28 U.S.C. § 1446(d). A copy of that Notice (without the referenced exhibit) to be filed in the State Court case is attached hereto as **Exhibit F**.

SPACE INTENTIONALLY LEFT BLANK

## II. FACTS[2] AND LAW SUPPORTING REMOVAL

8. The parties are the parents of one six-month-old infant, A.K.B.K. (male; born in June 2023) (the "child"). The Mother and Father are not, and never have been, married to one another.

9. The Mother is a United States citizen. The Father is a British citizen. The child is a United States citizen, and a citizen of the United Kingdom. The Mother does not have immigration status that allows her to live or work in England.

10. The Mother had been in England with the Father on a visitor visa at the time of the child's birth in England in June 2023. The Mother does not have the right to live or work in England, and never agreed to raise the child in England or for the child to live in England after his birth.

11. Over the course of the parties' relationship, the Father engaged in physical violence and coercive control against the Mother, including using the Mother's lack of immigration status to threaten to separate the Mother from the child. The Father's behavior intensified during the Mother's pregnancy and after the child's birth in June 2023.

---

[2] Only facts relevant to provide context for this Notice of Removal are included here. The Mother shall expand upon the facts stated in this Notice of Removal in her responsive pleading to the Father's Petition for Return, and in any further pleadings, papers, and testimony in this action.

12. The Mother had planned to travel with the child from England back home to California on August 7, 2023 to be with her family. The Father had planned to join the Mother and child in California on August 23, 2023, and planned for the family to then travel to England in September 2023.

13. On August 2, 2023, a few days before the Mother and child were scheduled to travel to California, the Father assaulted the Mother, screamed at her, and threatened her, all while he held the two-month-old child. The Mother was able to escape from the Father's apartment building, call the local police, and wait for police assistance at a nearby hotel. The police arrested the Father that night.

14. The Father was released on bail, with conditions that included a prohibition on any contact with the Mother.

15. The very next day, the Father had an English solicitor contact the Mother on his behalf. The solicitor advised the Mother that the Father would not agree for the child to go home to California with the Mother unless she signed a document undertaking to bring the child back to England on August 23, 2023. The solicitor advised that if the Mother did not sign the document that the Father demanded within a short period of time the same day, the Father would cancel the Mother's airline tickets and obtain emergency orders in England to prevent her from leaving the country with the child. The Mother signed the document because

she felt she had no alternative in order for her and the child to return home to safety in California.

16. The Mother returned home to California with the child on August 7, 2023. Thereafter, she learned that the Father had placed a tracking device in the child's car seat, which the Mother had taken with her to California from England.

17. The Mother filed a Request for a Domestic Violence Restraining Order against the Father in California State Court in Case No. 23V002023. The State Court granted the Mother's initial request and entered a temporary domestic violence restraining order against the Father, which also awarded the Mother full custody of the child and awarded the Father supervised visits with the child.

18. The Father was served with the State Court's temporary domestic violence restraining order, and all other papers in the case. He then filed his Hague Convention application with the Central Authority of England & Wales, seeking the return of the child to England. He also filed a motion to dismiss the Mother's restraining order and filed a custody case relating to the child in England.

19. The Father then, through the District Attorney of the County of Orange, filed his Petition for Return against the Mother in the State Court, seeking return of the child to England under the Treaty and ICARA. The Mother has never been served with the Father's Petition for Return. The Deputy District Attorney handling the State Court Hague Case emailed the Mother's local domestic

violence counsel a copy of the Petition for Return and related papers on November 16, 2023. Thereafter, the State Court scheduled an evidentiary hearing on the Father's Petition for Return to begin on December 18, 2023. A copy of the State Court's Minute Order is attached hereto as **Exhibit G**.

20. As of the date of filing this Notice of Removal, the Mother states the following Treaty defenses to the Father's Petition for Return:

    A. England never became the child's habitual residence, and was not the child's habitual residence at the time of the alleged wrongful retention; and

    B. There is a grave risk that the child's return to England would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation.

21. This action involves only a federal question. *See* 28 U.S.C. §§ 1331, 1441(a). The only claim asserted by the Father is "wrongful removal or retention" under the Treaty and ICARA. *See* **Exhibit A**. The suit is therefore removeable. *See* 28 U.S.C. §§ 1331, 1441(a).

22. As required by 28 U.S.C. § 1446(a), true and legible copies of all process, pleadings, papers, and orders, which have been forwarded to the Mother by her local domestic violence counsel in this matter, are included in **Exhibits A-**

**E** and **G**. to this Notice of Removal. This Notice of Removal is filed within thirty (30) days thereafter. *See* 28 U.S.C. § 1446(a), (b).

23. Promptly after the filing of this Notice of Removal, the Mother will file a Notice of Filing of Notice of Removal with the State Court. *See* 28 U.S.C. § 1446(d). A copy of that Notice (without the referenced exhibit) to be filed in the State Court case is attached hereto as **Exhibit F**.

24. Venue in this Court is proper pursuant to 28 U.S.C. §§ 1441(a), 1446(a), and ICARA § 9003(b). This Court is the federal judicial district within which Orange County is located, the Father's action was originally filed in the State Court in Orange County, and the child is located in Orange County.

**WHEREFORE**, Respondent, Marissa Whitney Bowley, respectfully submits that based on the allegations set forth in this Notice of Removal this action is properly removed, and respectfully requests that this Court retain jurisdiction over this action.

Respectfully submitted,

/s/ Patricia F. Cyr
Patricia F. Cyr, ESQ. SBN: 215420
pcyr@strunkloos.com
STRUNK | LOOS, APC
1301 Dove Street, Suite 280
Newport Beach, CA 92660
Telephone (949) 289-9089
Facsimile (949) 289-9089

Stephen J. Cullen, *Pro hac vice pending*
scullen@milesstockbridge.com
Kelly A. Powers, *Pro hac vice pending*
kpowers@milesstockbridge
Miles & Stockbridge P.C.
1201 Pennsylvania Ave., N.W., Ste. 900
Washington, D.C. 20004
Telephone (202) 465-8374
Facsimile (410) 385-3709

Attorneys for Respondent,
MARISA BOWLEY

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of December 2023, a copy of the foregoing Respondent's Notice of Removal was filed electronically though the Court's CM/ECF system. I further certify that a courtesy copy of the foregoing Notice of Removal was sent via email and that a copy was served via first class mail, postage prepaid upon:

Tamara Jacobs
Deputy District Attorney
County of Orange, State of California
P.O. Box 808
Santa Ana, CA 92702
Tammy.Jacobs@ocdapa.org

Cindy Lee Cannon, CFLS
Cindy Lee Cannon, APLC
105 Crescent Bay Drive, Suite E
Laguna Beach, CA 92651
cindyleecannon@gmail.com

*Attorney for Petitioner, Douglas Raymond Aggio Keen*

/s/ Patricia F. Cyr
Patricia F. Cyr